UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KENNETH W. HATLEN,<br><br>  Plaintiff,<br>  v.<br>GREG COX, et al.,<br><br>  Defendants. | Case No. 3:14-cv-00317-MMD-WGC<br><br>ORDER |

## I.  DISCUSSION

On August 14, 2014, this Court entered a screening order dismissing Count I with leave to amend and ordering Counts II and III to proceed. (Dkt. no. 5 at 8-9.) The Court granted Plaintiff thirty (30) days from the date of that order to file an amended complaint curing the deficiencies of Count I. (*Id.* at 9.) The Court stated that, if Plaintiff chose not to file an amended complaint, the case would proceed on Counts II and III only. (*Id.*) On September 2, 2014, this Court granted Plaintiff until December 1, 2014, to file his amended complaint because Plaintiff alleged that he was going to be at High Desert State Prison for sixty (60) days but his legal documents were being stored at Ely State Prison. (Dkt. no. 8 at 1.)

On October 14, 2014, Plaintiff filed a motion for extension of time and sought either a stay of his case or another 90-day extension to file his amended complaint. (Dkt. no. 12.) This Court denied the motion for an extension of time or stay to file his amended complaint. (Dkt. no. 14 at 1.) This Court stated that if Plaintiff did not submit

an amended complaint by December 1, 2014, the Court would dismiss Count I, without prejudice, and the case would proceed on Counts II and III. (*Id.* at 1-2.) The Court stated that, alternatively, Plaintiff could voluntarily dismiss the case and initiate a new action when he returned to Ely State Prison and directed Plaintiff to notify the Court by December 1, 2014, if he chose this option. (*Id.* at 2.)

On November 10, 2014, Plaintiff filed an objection and a motion for reconsideration. (Dkt. no. 15 at 1.) Plaintiff argues that he should not have to be hindered with unnecessary re-filing costs, fees, and labor because Defendants have inhibited his ability to access his legal documents. (*Id.*) Plaintiff seeks another ninety (90) days to amend his complaint. (*Id.* at 2.)

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

The Court denies the motion for reconsideration because the Court does not find that it committed clear error or that its initial decision was manifestly unjust. The Court found that Count I failed to state a claim because Plaintiff's allegations of serious bodily harm were vague as to the events that took place on May 21 and 25, 2014. (*See* dkt. no. 5 at 3-4.) The Court finds that, if Plaintiff is unable to explain in more detail what happened on those dates on or before December 1, 2014, Plaintiff will not be prejudiced by a dismissal without prejudice as to that count because the statute of limitations in Nevada is two (2) years. *See Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989)

(*citing* Nev. Rev. Stat. § 11.190(4)(c), (e)); *see Wallace v. Kato*, 549 U.S. 384, 387 (2007) (holding that federal courts borrow state statutes of limitations for personal injury actions in § 1983 suits because § 1983 contains no specific statute of limitations). As such, on or before December 1, 2014, Plaintiff shall: (1) submit an amended complaint; (2) file a notice of voluntary dismissal; or (3) do nothing and the Court will dismiss Count I, without prejudice, and proceed with the case on Counts II and III.

**II.    CONCLUSION**

For the foregoing reasons, it is ordered that the motion for reconsideration (dkt. no. 15) is denied.

It is further ordered that, on or before December 1, 2014, Plaintiff shall: (1) submit an amended complaint; (2) file a notice of voluntary dismissal; or (3) do nothing and the Court will dismiss Count I, without prejudice, and proceed with the case on Counts II and III.

DATED THIS 17th day of November 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE