UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KENNETH W. HATLEN, | Case No. 3:14-cv-00317-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| GREG COX, et al., | |
| Defendants. | |

After participating in a global settlement conference on May 6, 2015, the parties mutually agreed to settle this case, along with all civil and criminal claims arising out of any incidents that occurred on or before May 6, 2015, with the exception of one civil case pending before this Court (case number 3:12-cv-00534-MMD-WGC). (Dkt. no. 77 at 9-13; dkt. no. 49-1 at 3.) In addition to this case, the parties specifically agreed to settle case numbers 3:15-cv-00010-MMD-VPC, 3:15-cv-00086-MMD-VPC, 3:15-cv-00093-RCJ-WGC, 3:15-cv-00112-RCJ-WGC, 3:15-cv-00153-RCJ-WGC, and 3:15-cv-00180-RCJ-VPC.[1] (Dkt. no. 77 at 4-5; dkt. no. 49-1 at 4.) Those cases were closed in June 2015 pursuant to the settlement.

On May 18, 2015, Plaintiff filed a motion to stay the settlement in this case, complaining that Defendants had not properly carried out certain provisions of the settlement agreement. (Dkt. no. 43.) The settlement judge set a hearing on the motion

---

[1] The parties also specified that they agreed to settle a small claims case pending before the Justice Court of Las Vegas Township. (Dkt. no. 49-1 at 4.)

to stay for June 3, 2015. (Dkt. nos. 44, 46.) Prior to the hearing, the parties met and conferred, and submitted a joint status report that summarized Plaintiff's objections to the settlement. (Dkt. no. 49.) The settlement judge sought further clarification on Plaintiff's objections during the hearing. (*See* dkt. no. 78.) She concluded that Plaintiff had agreed to the terms of the settlement, had properly signed a written agreement memorializing the terms of the settlement, and had properly sought voluntary dismissal of his pending cases. (*Id.* at 45.) The settlement judge accordingly denied Plaintiff's motion to stay and his motion for a new settlement hearing. (*Id.*) She further clarified, however, that Plaintiff had a right to object to her ruling, and gave Plaintiff a June 22, 2015, deadline for doing so. (*Id.*; dkt. no. 52.)

Despite the fact that Plaintiff was told during the hearing that he could file objections to the settlement judge's ruling, Defendants filed a stipulation of dismissal with prejudice the day after the hearing. (Dkt. no. 51.) The Court initially granted the stipulation, but vacated that decision in July 2015 because the settlement judge had given Plaintiff leave to object to her ruling. (Dkt. no. 76.) The Court directed the transcripts of the settlement conference and the hearing to be filed, and set a briefing schedule for Plaintiff's objections. (*Id.* at 2.) In September 2015, the Court extended Plaintiff's deadline for filing his objections to October 26, 2015. (Dkt. no. 84.) Although Plaintiff has not complied with that deadline,[2] the Court has reviewed the transcripts

///

---

[2] Defendants filed a motion to dismiss after Plaintiff missed the October 26, 2015, deadline. (Dkt. no. 88.) In addition to the typical response brief, Defendants' motion prompted several more filings from Plaintiff, including a motion for clarification of the briefing schedule and an objection to Defendants' reply brief. (Dkt. nos. 92, 94.) Defendants filed "notices" in response to each of these filings — the first simply concludes that Plaintiff's motion for clarification was "superfluous and moot" (dkt. no. 93 at 3), while the second asks the Court to strike Plaintiff's objection or to sanction him *sua sponte*. (Dkt. no. 95 at 3.) Plaintiff filed a response to Defendants' second notice. (Dkt. no. 96.) It is curious that Defendants, who have complained about Plaintiff's practice of "flout[ing] procedure," (dkt. no. 95 at 3 n.1), seem to be engaging in similar tactics by filing two unnecessary notices. First, whether a motion is moot is for the Court — not Defendants — to decide. Second, by "defer[ring] to the Court" to determine whether to issue sanctions or to strike Plaintiff's objection, Defendants effectively filed a motion for sanctions or to strike. (Dkt. no. 95 at 3.) It is improper to file such a motion as a "notice." The Court will strike both of Defendants' improper notices. (Dkt. nos. 93, 95.)

from the settlement conference and the hearing, and finds that Plaintiff properly agreed to a binding settlement agreement in this case.

Plaintiff seems to raise two broad objections: (1) the process through which the settlement was reached was unfair; and (2) Defendants have not complied with the parties' agreed-upon terms in implementing the settlement agreement. (*See* dkt. no. 49 at 4-6.) To the extent that Plaintiff objects to the settlement process, the Court finds no evidence of coercion or harassment during the settlement conference. A review of the settlement conference record makes clear that the settlement judge canvassed the parties with regard to each term of their agreement. (*See* dkt. no. 77 at 4-25.) Indeed, the parties engaged in specific negotiations on the settlement's scope during that canvassing process. (*Id.* at 6-9.) After going off the record for additional negotiations, the parties went back on the record and affirmed that they understood and agreed that all of Plaintiff's legal claims — both civil and criminal — arising on or before May 6, 2015, were covered by the settlement. (*Id.* at 12-13.) The Court later asked Plaintiff whether he understood and agreed to the fact that the parties had established "a binding settlement agreement" during settlement conference. (*Id.* at 25.) Plaintiff responded that he did. (*Id.*) Because Plaintiff stated, after being canvassed by the settlement judge, that he agreed and understood the terms of the settlement agreement and its binding nature, the Court finds that Plaintiff voluntarily entered into a valid, binding agreement. Plaintiff's objections to the settlement process are overruled.

Second, Plaintiff's objections to the settlement agreement's implementation suggest that Defendants either breached the parties' contract, or failed to abide by the implied covenant of good faith and fair dealing. These objections do not speak to the process by which the parties entered into the agreement, or to the agreement's validity. Rather, they arise from the parties' compliance — or lack thereof — with the settlement agreement itself. But Plaintiff has not pleaded any contract-based claims in this action. The Court therefore overrules Plaintiff's objections to the settlement agreement's implementation.

It is therefore ordered that Plaintiff's objections to the settlement judge's ruling on his motion to stay the settlement are overruled. It is further ordered that the parties' stipulation of dismissal with prejudice (dkt. no. 51) is granted. Defendants' motion to dismiss (dkt. no. 88) and Plaintiff's motion for clarification (dkt. no. 92) are accordingly denied as moot, and Defendants' improper notices (dkt. nos. 93, 95) are stricken. The Clerk is directed to close this case.

DATED THIS 21st day of December 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE