UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| KENNETH W. HATLEN, | Case No. 3:14-cv-00317-MMD-WGC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| GREG COX, et al., | |
| Defendants. | |

**I.   SUMMARY**

On December 21, 2015, the Court issued an order overruling Plaintiff's objections to a global settlement agreement that the parties had reached in May 2015. (Dkt. no. 97.) After finding that Plaintiff had voluntarily entered into the settlement agreement, the Court granted the parties' stipulation for voluntary dismissal — which had been filed before Plaintiff's objections — and directed the Clerk to close this case. (*Id.*) Plaintiff now objects to the December 21, 2015, ruling (the "Dismissal Order"), insisting that the Court unfairly dismissed his lawsuit because he did not have an opportunity to file certain objections. (Dkt. no. 98.) Plaintiff has also filed a Notice (dkt. no. 99) and an Emergency Motion (dkt. no. 101) relating to the Dismissal Order. For the reasons discussed below, the Court overrules Plaintiff's objections and denies the additional filings.

**II.   OBJECTIONS TO THE DISMISSAL ORDER**

Plaintiff raises four main objections to the Dismissal Order: (1) Plaintiff never received leave to file objections to the Magistrate Judge's ruling on his motion to stay

the settlement; (2) Plaintiff was not given notice of the deadline for filing those objections; (3) Plaintiff pleaded contract-based violations in this action, such that he should be able to raise objections based on Defendants' alleged failure to comply with the terms of the settlement agreement; and (4) Defendants have obstructed Plaintiff's access to the Court and his ability to object to the settlement. (Dkt. no. 98 at 1-3.) Plaintiff also asserts that he has been denied due process because he cannot adequately represent himself in this action. (*Id.* at 4.) He seeks a hearing and urges the Court to vacate the Dismissal Order. (*Id.* at 6.)

A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). A motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a district court properly denied a motion for reconsideration in which the plaintiffs presented no arguments that were not already raised in their original motion).

Plaintiff has not demonstrated that the Court should reconsider the Dismissal Order. First, Plaintiff's argument that he lacked leave to file an objection to the settlement is untrue — the Magistrate Judge explicitly gave Plaintiff leave when she denied his motion to stay the settlement. (Dkt. no. 52 at 2.) Plaintiff, moreover, acknowledged that he had leave to object in several documents that he filed following the Magistrate Judge's ruling. (*See* dkt. nos. 56, 57, 59, 66.) Plaintiff's argument about the filing deadline for his objection is similarly unpersuasive. In fact, after the Court directed that transcripts of the May 6, 2015, settlement conference and a June 3, 2015, hearing before the Magistrate Judge be prepared and sent to Plaintiff, the Court established a new deadline for Plaintiff to file his objection to the Magistrate Judge's June 3, 2015, order. (Dkt. no. 76 at 2.) Plaintiff sought an extension of that deadline, which the Court granted. (Dkt. nos. 81, 84.) Even assuming that Plaintiff was unaware

of the extended deadline, Plaintiff ignores the fact that the Court carried out an independent review to determine whether the settlement was valid. (*See* dkt. no. 97 at 2-3.) The Court examined Plaintiff's arguments for staying the settlement, the transcript of the settlement proceedings, and the transcript of the June 2015 hearing on Plaintiff's motion to stay the settlement. (*Id.*) Even absent Plaintiff's separate objection to the settlement, the Court's independent review indicated that Plaintiff had voluntarily agreed to the settlement. (*Id.* at 3.) Plaintiff does not offer any evidence suggesting that the Court's review was erroneous. (*See* dkt. no. 98 at 1-2.) The fact that Plaintiff might have been unaware of his deadline for objecting to the Magistrate Judge's ruling on his motion to stay does not warrant reconsideration.

Next, Plaintiff argues that he pleaded contract-based claims in this action by submitting documents outlining Defendants' alleged failure to carry out the settlement agreement's terms. (*Id.* at 2.) Plaintiff has, in fact, asserted contract-related arguments in his objections to the settlement agreement. (*See, e.g.*, dkt. nos. 43, 48, 60.) But those arguments are not part of the underlying pleadings in this case, which appear in the Complaint. (Dkt. no. 6; *see* dkt. no. 5 (screening the Complaint and allowing certain counts to proceed).) Instead, the Complaint alleges that Defendants were deliberately indifferent to Plaintiff's medical needs, denied him access to the courts, and retaliated against him by threatening to file disciplinary charges if Plaintiff pursued certain civil rights claims. (Dkt. no. 5 at 4-7.) Those pleadings do not allege that Defendants failed to carry out their obligations under the settlement agreement. Nor could they — the settlement agreement was created only after Plaintiff filed his Complaint. If Plaintiff wishes to pursue legal action against Defendants for breaching the settlement agreement, he would need to do so in a separate lawsuit. Thus, the Court will not reconsider the Dismissal Order due to Plaintiff's contract-related assertions.

Finally, Plaintiff insists that he cannot represent himself, and that Defendants have interfered with his legal documents and his ability to object to the settlement agreement. As noted above, the Court independently reviewed the transcript of the

3

settlement conference, Plaintiff's motion to stay the settlement, and the transcript of the hearing on Plaintiff's motion to stay. Even without a separate objection to the Magistrate Judge's ruling on the motion to stay, the Court found that the settlement was valid. Plaintiff's allegations regarding interference with his access to the courts and his inability to represent himself do not require reconsideration.

The Court therefore overrules Plaintiff's objections to the Dismissal Order (dkt. no. 98). Furthermore, because Plaintiff has failed to offer any valid reason for reconsideration of the Dismissal Order, the Court will not entertain additional motions for reconsideration in this case.

### III. PLAINTIFF'S ADDITIONAL FILINGS

Plaintiff has filed two additional documents relating to the settlement. First, Plaintiff filed a Notice that asks the Court to assist him in securing a new Parole Board hearing. (Dkt. no. 99.) This document appears to be an attempt to enforce the settlement agreement. As discussed above, Plaintiff's allegations regarding Defendants' failure to carry out the agreement may be litigated in a separate action, but they are not grounds for reconsideration here.

Second, Plaintiff filed an emergency motion containing allegations of judicial misconduct. (Dkt. no. 101.) Plaintiff's motion is improper. Allegations of judicial misconduct must be made before the Judicial Council of the Ninth Circuit. If Plaintiff wishes to bring such allegations, Plaintiff should refer to the Judicial Council's guidelines and complaint form, both of which are attached to this Order.

### IV. CONCLUSION

It is therefore ordered that Plaintiff's Objections to this Court's Dismissal Order (dkt. no. 98) are overruled. It is further ordered that Plaintiff's Notice (dkt. no. 99) and Emergency Motion (dkt. no. 101) are denied.

DATED THIS 1st day of February 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

4

Judicial Council of the Ninth Circuit

**COMPLAINT OF JUDICIAL MISCONDUCT OR DISABILITY**

To begin the complaint process, complete this form and prepare the brief statement of facts described in item 5 (below). The RULES FOR JUDICIAL-CONDUCT AND JUDICIAL-DISABILITY PROCEEDINGS, adopted by the Judicial Conference of the United States, contain information on what to include in a complaint (Rule 6), where to file a complaint (Rule 7), and other important matters. The Ninth Circuit Judicial Council also adopted local misconduct rules. The rules are available in federal court clerks' offices, on individual federal courts' Web sites, and on www.uscourts.gov, and www.ce9.uscourts.gov/misconduct/judicial_misconduct.html.

Your complaint (this form and the statement of facts) should be typewritten and must be legible. Under the Ninth Circuit's local misconduct rules, you are required to file five copies of your misconduct complaint and exhibits, plus one copy for each additional judge if more than one subject judge is named in your complaint. Enclose your complaint in an envelope marked "COMPLAINT OF MISCONDUCT" or "COMPLAINT OF DISABILITY" and submit it to the appropriate clerk of court. **Do not put the name of any judge on the envelope.**

1. Name of Complainant: _____

   Contact Address: _____
   _____

   Daytime telephone: ( ___ ) _____

2. Name(s) of Judge(s): _____

   Court: _____

3. Does this complaint concern the behavior of the judge(s) in a particular lawsuit or lawsuits?
   [ ] Yes            [ ] No

   If "yes," give the following information about each lawsuit:

   Court: _____

   Case Number: _____

   Docket number of any appeal to the _____ Circuit: _____

   Are (were) you a party or lawyer in the lawsuit?
   [ ] Party          [ ] Lawyer          [ ] Neither

If you are (were) a party and have (had) a lawyer, give the lawyer's name, address, and telephone number:

_____

_____

_____

**4.** Have you filed any lawsuits against the judge?

      [ ] Yes        [ ] No

If "yes," give the following information about each such lawsuit:

Court: _____

Case Number: _____

Present status of lawsuit: _____

Name, address, and telephone number of your lawyer for the lawsuit against the judge:

_____

_____

_____

Court to which any appeal has been taken in the lawsuit against the judge:

_____

Docket number of the appeal: _____

Present status of the appeal: _____

**5.** **Brief Statement of Facts.** Attach a brief statement of the specific facts on which the claim of judicial misconduct or disability is based. Include what happened, when and where it happened, and any information that would help an investigator check the facts. If the complaint alleges judicial disability, also include any additional facts that form the basis of that allegation. Local Rule 6.1(b) provides that your statement of facts must not be longer than five pages (five sides), or 1,200 words, whichever is less.

**You must provide objectively verifiable proof such as the names of witnesses or recorded documents or transcripts to support your allegations.** Adverse rulings do not support misconduct allegations, as the appropriate forum for an argument that a judge erred is the appellate court. Thus, you need not include copies of your filings in the underlying case or the judge's orders because even if a review of those documents is necessary, the documents are accessible via PACER. Excess or irrelevant documentation will be returned to the complainant.

**6.     Acknowledgment, declaration and signature:**

**In the space provided below, please write the following statement: "I understand that even if I successfully prove that the judge engaged in misconduct or is disabled, this procedure cannot change the outcome of the underlying case." (If this statement is not written, your complaint will not be processed and will be returned to you.)**

_____
_____
_____


I declare under penalty of perjury that the statements made in this complaint are true and correct to the best of my knowledge.

(Signature)_____     (Date)_____



- **Judges**
- **Court Statistics**
- **Judicial Vacancies**
- **Judicial Nominations**
- **Judicial Confirmations**
- **Judicial Misconduct**
- **Judgeship Opportunities**
- **Civil Jury Instructions**
- **Criminal Jury Instructions**
- **Pretrial Services**
- **Probation Services**
- **Employment**
- **Federal Judges Biographical Database**
- **Bankuptcy Appellate Panel**



Judicial Misconduct or Disability Complaint Form　　　Judicial Misconduct or Disability Complaint Rules　　　Orders

**Guidelines for Judicial Misconduct or Disability Complaints**

Congress has created a procedure that permits any person to file a complaint in the courts about the behavior of federal judges—but not about the decisions federal judges make in deciding cases. Above is a link to the Judicial Conference of the United States' Judicial-Conduct Rules that explain what may be complained about, who may be complained about, where to file a complaint, and how the complaint will be processed. You must comply with these rules, or we may reject your complaint without considering your arguments.

Almost all complaints in recent years have been dismissed because they do not follow the law about such complaints. The law says that complaints about judges' decisions and complaints with no evidence to support them must be dismissed. If you are a litigant in a case and believe the judge made a wrong decision—even a very wrong decision—you may not use this procedure to complain about the decision. An attorney can explain the rights you have as a litigant to seek review of a judicial decision.

Please note the following to avoid the rejection or summary dismissal of your complaint:

- You must provide a certain number of copies with your complaint and with your petition for review. If your complaint is about a single judge, you must file five copies of (1) the complaint form, (2) the statement of facts, and (3) any documents submitted. If the complaint is about more than one judge, you must provide one extra copy for each additional judge. Ninth Circuit Local Rule 6.1(e). Wi h a petition for review, you must file an original and fifteen copies of the petition, along with ten copies of the original complaint. Nin h Circuit Local Rule 18.1(b)
- You must either use the Ninth Circuit complaint form [link above], or shall identify all subject judge(s) on the first page of your complaint. Ninth Circuit Local Rule 6.1(a)
- You must submit a statement of facts in support of your claims that is no more five pages (five sides), or 1,200 words, whichever is less, unless the Chief Judge grants permission for additional pages. You must submit your complaint on standard 8.5x11 size paper. Ninth Circuit Local Rule 6.1(b)
-

You must write out the following acknowledgment on your complaint form or on the first page of your complaint: **"I understand that even if I successfully prove that the judge engaged in misconduct or is disabled, this procedure cannot change the outcome of the underlying case."** If you do not make this acknowledgment, your complaint will be returned to you.

- You must provide concrete proof to support your claims of misconduct. For example, we will dismiss your complaint if you try to argue that a judge was biased or disabled, but the only evidence you provide is the ruling against you or your guess about what went on in he judge's mind. No. 08-90172 (In re Complaint of Judicial Misconduct, 569 F.3d 1093, 1093 (9th Cir. Jud. Council 2009)

- You may not request that the Chief Judge or Judicial Council take action in an underlying case. The Judicial Council only has power over administrative matters and is not a court. For example, you cannot use this misconduct procedure to request that the Chief Judge or the Judicial Council vacate an underlying order, force a judge to recuse himself, award damages, or grant any kind of relief that you would ask for from a court. No. 08-90066+ (In re Complaint of Judicial Misconduct, 567 F.3d 429 (9th Cir. Jud. Council 2009)

- Just because you file a misconduct complaint, a judge need not recuse or stay your case, nor will a new judge be assigned to your underlying case. No. 08-90026 (In re Complaint of Judicial Misconduct, 583 F.3d 599 (9th Cir. Jud. Council 2009)

- You can only file a misconduct complaint against federal judges. You cannot use this procedure to complain about court staff, opposing parties or opposing counsel. No. 08-90066+ (In re Complaint of Judicial Misconduct, 567 F.3d 429 (9th Cir. Jud. Council 2009)

- While you should describe your complaint as best as you can, there is no need to use abusive language. We review all complaints carefully, so do not feel that your complaint must stand out to get a close look. All do. Using abusive language simply risks that we may restrict your ability to file further complaints. No. 08-90149+ (In re Complaint of Judicial Misconduct, 583 F.3d 599 (9th Cir. Jud. Council 2009)

- You may be restricted from filing further misconduct complaints if you abuse this procedure. No. 07-89142 (In re Complaint of Judicial Misconduct, 552 F.3d 1146 (9th Cir. Jud. Council 2009))

Site Map   |   Intranet (Judiciary Only)   |   Seminar Disclosures   |   Judicial Misconduct   |   Suggestions